Dear Mr. Dupleix:
We are in receipt of your request for an opinion regarding the proper method of counting resident property owners for annexation by a municipality. Specifically, you have asked:
 Whether or not a majority in number of the resident property owners must consist of both spouses signing the required petition, or would the signature of only one spouse be sufficient?
In response to your question, the Louisiana Revised Statute33:172(A), in pertinent part, states:
 No ordinance enlarging the boundaries of a municipality shall be valid unless prior to the adoption thereof a petition has been presented to the governing body of a municipality containing the written assent of a majority of the registered voters, and a majority in number of the resident property owners, as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits, according to the certificate of the parish assessor. (Emphasis Added.)
* * *
Additionally, Civil Code Article 2336 provides, in pertinent part, that "Each spouse owns a present undivided one-half interest in the community property . . .," and Article 2346 provides that "Each spouse acting alone may manage, control, or dispose of community property, unless otherwise provided by law." These provisions grant authority to each spouse to act alone in matters which pertain to community property, unless otherwise provided by law.
You have supplied our office with a letter by Mr. William E. Logan, Jr., who is an attorney in Lafayette, and who has written a memorandum in support of his argument that both spouses are required to sign an annexation petition for a community immovable in the counting of a majority of the resident property owners. Mr. Logan's argument is based on LSA-C.C. Art. 2347 and2353. LSA-C.C. Art. 2347 states:
 The concurrence of both spouses is required for the alienation, encumbrance, or lease of community immovables, furniture or furnishings while located in the family home, all or substantially all of the assets of a community enterprise and movables issued or registered as provided by law in the names of the spouses jointly.
LSA-C.C. Art. 2353 states:
 When the concurrence of the spouses is required by law, the alienation, encumbrance or lease of community property by a spouse is relatively null unless the other spouse has renounced the right to concur. Also, the alienation, encumbrance, or lease of the assets of a community enterprise by the non-manager spouse is a relative nullity.
We question whether the annexation of property amounts to the alienation, encumbrance, or lease of community immovables. The law clearly states that the concurrence of the spouses must be required by law for an action of alienation, encumbrance, or lease of community property to be relatively null, unless the other spouse has renounced the right to concur. The only requirement by law for the concurrence of both spouses is the alienation, encumbrance, or lease of community immovables.
West, Black's Law Dictionary, Fifth Edition 1979, defines alienation, encumbrance, and lease as follows:
 Alienation. In real property law, the transfer of the property and possession of lands, tenements, or other things, from one person to another. The term is particularly applied to absolute conveyances of real property. The voluntary and complete transfer from one person to another. Disposition by will. Every mode of passing realty by the act of the party, as distinguished from passing it by the operation of law.
 Encumbrance. Any right to, or interest in, land which may subsist in another to diminution of its value, but consistent with the passing of the fee. Knudson v. Weeks, D.C. Okl., 394 F. Supp. 963, 976. A claim, lien, charge, or liability attached to and binding real property; e.g. a mortgage, judgment lien; mechanics' lien; lease; security interest; easement or right of way; accrued and unpaid taxes.
 Lease. Any agreement which gives rise to relationship of landlord and tenant (real property) or lessor and lessee (real or personal property). Smith v. Royal Ins. Co., C.C.A. Cal., 111 F.2d 667, 671. Contract for exclusive possession of lands or tenements for determinate period. . . .
The term annexation is defined in Black's as "The act of attaching, adding, joining, or uniting one thing to another; . . . Term is usually applied with respect to land or fixtures, as: . . . the legal incorporation of a town or city into another town or city . . ." We find no jurisprudence or legal authority to support the proposition that an annexation of property is tantamount to the alienation, encumbrance, or lease of a community immovable which requires the concurrence of the spouses. Therefore, it is our opinion that one spouses' signature is sufficient on an annexation petition, because each spouse may act alone in matters which pertain to community property, unless otherwise provided by law. Furthermore, it is our opinion that this matter may best be determined by the courts, and therefore, you may consider such action.
If we can be of further assistance, please advise.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General
ARL/lg